1 | JOSEPH P. HARDY, ESQ.
Nevada Bar No. 7370
2 | GORDON & REES LLP
3770 Howard Hughes Parkway, Suite 100
3 | Las Vegas, Nevada  89169
Telephone:  (702) 577-9300
4 | Facsimile:  (702) 255-2858
E-mail:  jhardy@gordonrees.com
5
*Attorneys for Defendant-in-Intervention*
6 | *AETNA LIFE INSURANCE COMPANY*

FILED ✓   RECEIVED ___
ENTERED ___   SERVED ON ___
COUNSEL/PARTIES OF RECORD

MAR - 4 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAX JONES, JR.,<br><br>        Plaintiff,<br><br>vs.<br><br>SYLVIA MATHEWS BURWELL, in her capacity as the SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Defendant. | CASE NO. 3:14-cv-00430-LRH-VPC<br><br>**JOINT CASE MANAGEMENT REPORT** |
| MAX JONES, JR.,<br><br>        Plaintiff,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>        Defendant- in-Intervention. | |

Pursuant to this Court's Minutes setting a Case Management Conference (Dkt. 9), Plaintiff Max Jones, Jr. ("Plaintiff"), defendant Sylvia Mathews Burwell, in her capacity as the Secretary of Health and Human Services ("HHS"), and Defendant-in-Intervention Aetna Life Insurance Company ("Aetna") hereby submit the following Joint Case Management Report:

///

///

-1-

1. **A short statement of the nature of the case.**

This action seeks District Court review of a June 12, 2014 decision by the Medicare Appeals Council (the "Council") denying reimbursement for private duty nursing services rendered to Plaintiff between January 2, 2008 and June 29, 2008, and February 1, 2010 and February 16, 2010 ("Services") as covered services under Plaintiff's Medicare Advantage Plan ("Plan") issued by Aetna. The Council overturned an Administrative Law Judge's ("ALJ") determination that the Services should be paid for under the Plan. The ALJ overturned MAXIMUS Federal Services' ("MAXIMUS") decision determining that Aetna did not have to reimburse Plaintiff for the Services. MAXIMUS upheld Aetna's determination that the Services were not covered by the Plan or Medicare.

2. **The principal factual and legal disputes in the case.**

The legal issues in this matter are whether the Council's decision denying reimbursement for the Services was arbitrary and capricious, lacked substantial evidence and constituted legal error.

Plaintiff asserts that the Services must be covered by the Plan because, among other things: Max was entitled to receive skilled nursing care and home health services for his ALS condition; Aetna was obligated to provide and/or pay for such services Max needed; that Aetna was not capable of providing the services Max required, and even if Aetna could provide the services Max required, it refused to take Max as a patient because of his ventilator dependency; that the State of Nevada had no alternative licensed provider of the skilled nursing care and home health services Max needed; and that Max was entitled to reimbursement of the private nurses he paid for since Aetna was obligated to provide this benefit to Max.

Aetna asserts that the private duty nursing and caregiver services are specifically non-covered by both Medicare and the Plan and the Plan is, therefore, not required to reimburse for the private duty nursing services provided to Plaintiff.

///
///

1     **3. The jurisdictional basis for the case, describing the basis for**
2 **jurisdiction, and citing specific jurisdictional statutes.**
3     Jurisdiction of the Court is based upon 42 C.F.R. 405.1136. Those provisions
4 give a Federal district court jurisdiction to review the Council's determination pursuant
5 to a party's request.
6     **4. Any parties which have not been served and an explanation of why they**
7 **have not been served; and any parties which have been served but have not**
8 **answered or otherwise appeared.**
9     All named and necessary parties have been served and answered Plaintiff's
10 Complaint.
11     **5. A statement of whether any party expects to add additional parties to**
12 **the case or otherwise to amend pleadings.**
13     No party expects to add additional parties or otherwise amend the pleadings at
14 this time.
15     **6. A list of contemplated motions and a statement of the issues to be**
16 **decided by these motions.**
17     The parties suggest that this matter be resolved through cross trial briefing on the
18 Administrative Record. These briefs will encompass the overall propriety of the
19 underlying decision. The briefing will include the parties' opening briefs and
20 responsive briefs. The proposed briefing schedule is discussed in number 12(d), below.
21     **7. Whether there are any pending motions that may affect the parties'**
22 **abilities to comply with a case management order, including a brief description of**
23 **those motions.**
24     There are no pending motions that may affect the parties' ability to comply with a
25 case management order.
26 ///
27 ///
28 ///

1  **8.  The status of related cases pending before other courts or other judges**
2  **of this Court.**
3  The parties are not aware of any other related cases pending before other courts
4  or other judges of this Court.
5  **9.  Any further supplemental discussion of necessary discovery, including:**
6  **a.  The extent, nature and location of discovery anticipated by the**
7  **parties;**
8  Because this is an action for review based on an Administrative Record, the parties
9  agree that discovery should be limited, if permitted at all, in this matter. In lieu of
10 discovery, pursuant to the Federal Rules of Civil Procedure, Rule 26, Aetna will produce
11 the entire Administrative Record to Plaintiff and HHS by April 30, 2015. Plaintiff and
12 HHS will then review the Administrative Record produced by Aetna and advise of any
13 additional documents they believe should be included in the Administrative Record by
14 May 29, 2015. If the parties disagree on whether a document should be considered as
15 part of the Administrative Record, they will brief this issue along with the other issues to
16 be decided by the Court.
17 **b.  Suggested revisions, if any, to the discovery limitations imposed**
18 **by the Federal Rules of Civil Procedure and LR 26(1)(3);**
19 In lieu of discovery, pursuant to the Federal Rules of Civil Procedure, Rule 26,
20 Aetna will produce the entire Administrative Record to the parties as set forth in
21 subsection (a) above.
22 **c.  The number of hours permitted for each deposition, unless**
23 **extended by the parties:**
24 The parties agree that at this time it appears no depositions are necessary in this
25 matter. Plaintiff, however, specifically reserves his right to conduct any discovery he
26 deems necessary for the presentation of his case. Aetna and HHS maintain the position
27 that depositions are not permitted in this administrative review action and reserve the
28 right to object to discovery outside the administrative record.

-4-

1   **10.** Discussion of any issues relating to disclosure or discovery of
2   electronically stored information ("ESI"), including the form or forms in which it
3   should be produced (*see* Rules 16(b)(5), 26(f)(3); and 33(d)).
4   The parties are not aware of any at this time.
5   **11.** Discussion of any issues relating to claims of privilege or work product
6   (*see* Rules 16(b)(3)(B)(iv) and 26(f)(3)(D)):
7   The parties are not aware of any at this time.
8   **12.** Unless the Court has already approved a discovery plan and
9   scheduling order, the parties shall include proposed dates for each of the following
10  pursuant to Local Rule 26-1:
11      **a.   A deadline for completion of discovery**
12  The parties agree that discovery may not be appropriate in this matter.  Plaintiff,
13  however, specifically reserves his right to conduct any discovery he deems necessary for
14  the presentation of his case.  Aetna and HHS reserve their right to object to such.
15      **b.   A deadline for amending the pleadings and adding parties:**
16  June 19, 2015.
17      **c.   Dates for disclosure of expert testimony:**
18  The parties agree that expert testimony is likely not appropriate in this matter.
19      **d.   A deadline for the filing of dispositive motions:**
20  The parties agree that this is an action for determination based on an
21  Administrative Record.  Therefore, the parties propose the following deadlines for
22  cross-briefs for determination based on the Administrative Record:
23  • Aetna's production of the Administrative Record to Plaintiff and HHS:
24    April 30, 2015;
25  • Plaintiff's and HHS' submission of documents not included in the
26    Administrative Record:  May 29, 2015;
27  • Aetna's Submission of Administrative Record to the Court:  June 30,
28    2015 (The parties agree the Administrative Record in this case should

be filed under seal as it contains personal information relating to Plaintiff's medical history, social security number, date of birth and contact information)

- Opening Briefs to be filed: July 9, 2015
- Response Briefs to be filed: August 7, 2015
- Oral argument on the briefs: August 17, 2015 or as may be scheduled by the Court thereafter.

e.   **A date by which the parties will file the joint pretrial order:**

As this is an action for review of an Administrative Record, which will be determined based on cross-briefs and oral argument on those briefs, the parties agree that a joint pretrial order is not warranted in this matter. However, should discovery be necessary in this action, the Court will be advised via a Supplemental Status Report.

**17.   Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons):**

A jury trial has not been requested and the parties are not entitled to a trial by jury pursuant to applicable law.

**18.   The estimated length of trial and any suggestions for shortening the trial:**

The parties assert that this matter should be tried solely on the Administrative Record and be resolved by the procedure discussed in number 12(d) above. The parties anticipate that the argument on these briefs will take approximately 2-3 hours.

**19.   The prospects for settlement, including any request of the court for assistance in settlement efforts:**

The parties have agreed to conduct a mediation of this dispute. In the event mediation is unsuccessful, the parties believe that Court resolution of this matter will then be required.

///
///

20. Any other matters that will aid the court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Fed.R.Civ.P. 1:

None.

DATED this 23rd day of February 2015.

| DANIEL G. BOGDEN<br>UNITED STATES ATTORNEY | ROBISON, BELAUSTEGUI, SHARP & LOW |
|---|---|
| /s/ Holly A. Vance<br>HOLLY A. VANCE, ESQ.<br>Assistant United States Attorney<br>100 West Liberty Street, Suite 600<br>Reno, Nevada  89501 | /s/ Mark G. Simons<br>MARK G. SIMONS, ESQ.<br>Nevada Bar No. 5132<br>71 Washington Street<br>Reno, Nevada  89503 |
| *Attorneys for Defendant Sylvia Mathews Burwell in her capacity as the Secretary of Health and Human Services* | *Attorneys for Plaintiff Max Jones, Jr.* |

GORDON & REES LLP

/s/ Joseph P. Hardy
JOSEPH P. HARDY, ESQ.
Nevada Bar No. 7370
3770 Howard Hughes Pkwy., Ste. 100
Las Vegas, Nevada  89169

*Attorneys for Defendant-in-Intervention Aetna Life Insurance Company*

IT IS SO ORDERED

[signature]

U.S. MAGISTRATE JUDGE

DATED: March 4, 2015

-7-